ROBERTA S. HAYASHI, CA STATE BAR NO. 105141
BERLINER COHEN
TEN ALMADEN BOULEVARD
ELEVENTH FLOOR
SAN JOSE, CALIFORNIA 95113-2233
TELEPHONE: (408) 286-5800
FACSIMILE: (408) 998-5388
roberta.hayashi@berliner.com

ATTORNEYS FOR DEFENDANTS PCI CONSTRUCTION, INC.
AND HAMID ADLPARVAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MAYA,<br><br>    Plaintiff,<br><br>v.<br><br>PCI CONSTRUCTION, INC., and HAMID ADLPARVAR and DOES 1-10,<br><br>    Defendants. | CASE NO. C07 06047JW/RS<br><br>ANSWER OF DEFENDANTS PCI CONSTRUCTION, INC. AND HAMID ADLPARVAR TO COMPLAINT FOR DAMAGES |

Defendants PCI CONSTRUCTION, INC. ("PCI") and HAMID ADLPARVAR ("Adlparvar") (hereinafter collectively referred to as "Defendants"), for themselves alone and for no other Defendant, hereby answer the Complaint of Plaintiff FRANCISCO MAYA ("Plaintiff") as follows:

## NATURE OF CLAIM

1.  In response to paragraph 1 of the Complaint, Defendants deny that Plaintiff was employed on an hourly basis by Adlparvar during the last four years prior to the filing of the Complaint. Defendants admit that the Complaint purports to seek recovery for alleged unpaid overtime and inadequate pay statements under California and Federal laws. Defendants deny they are liable to Plaintiff for any sums.

///

## PARTIES

2. In response to paragraph 2 of the Complaint, Defendants deny each and every allegation contained in said paragraph as Defendants are without sufficient knowledge or information to form a belief as to the truth of the matter of the allegations contained in said paragraph.

3. In response to paragraph 3 of the Complaint, Defendants admit that PCI Construction, Inc. is a corporation having its principal place of business in Los Altos, California.

4. In response to paragraph 4 of the Complaint, Defendants admit that Hamid Adlparvar is an individual doing business in Los Altos, California.

5. In response to paragraph 5 of the Complaint, Defendants deny each and every allegation contained and further deny that Plaintiff is entitled to sue Does under Federal law.

## GENERAL ALLEGATIONS

6. In response to paragraph 6 of the Complaint, Defendants deny that Plaintiff was an employee of Hamid Adlparvar. Defendants deny that Hamid Adlparvar is doing business as a construction company in Los Altos, California. Defendants admit Plaintiff was an employee of PCI. Defendants admit PCI is doing business as a construction company in Los Altos, California.

7. In response to paragraph 7 of the Complaint, Defendants deny each and every allegation contained in said paragraph as Defendants are without sufficient knowledge or information to form a belief as to the truth of the matter of the allegations contained in said paragraph.

8. In response to paragraph 8 and 9 Defendants deny each and every allegation contained in said paragraphs.

9. In response to paragraph 10, Defendants admit the allegations contained in said paragraph.

10. In response to paragraph 11, Defendants admit that Plaintiff did not exclusively manage any division of PCI Construction, Inc. where he customarily and regularly exercised discretionary powers or performed services of management. Defendants admit that Plaintiff did

not directly supervise any employees nor did he participate in the development of general administrative policies of PCI Construction, Inc. Defendants deny each and every remaining allegation in said paragraph on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the matter of the allegation.

## COUNT ONE: VIOLATION OF CA LABOR CODE SECTION 510
## FAILURE TO PROPERLY PAY OVERTIME WAGES

11. In response to paragraph 12 of the Complaint, Defendants incorporate herein by this reference their admissions and denials to each paragraph of the Complaint that are incorporated into paragraph 12 by reference.

12. In response to paragraph 13, Defendants allege that California Labor Code § 510 provides as stated in that statute and not as otherwise restated in Plaintiff's Complaint.

13. In response to paragraph 14, Defendants deny each and every allegation contained in said paragraph.

14. In response to paragraph 15, Defendants allege that California Labor Code § 1194 provides as stated in that statute and not as otherwise restated in Plaintiff's Complaint.

15. In response to paragraphs 16, 17, 18, and 19, Defendants deny each and every allegation contained in said paragraphs.

## COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PROPERLY PAY OVERTIME WAGES

16. In response to paragraph 20 of the Complaint, Defendants incorporate herein by this reference their admissions and denials to each paragraph of the Complaint that are incorporated into paragraph 20 by reference.

17. In response to paragraph 21, Defendants deny that Plaintiff was an employee of Defendant Adlparvar. Defendants admit that Plaintiff's employment was subject to the provisions of the FLSA and Plaintiff was an individual employee covered by virtue of Plaintiff's direct engagement in interstate commerce.

18. In response to paragraph 22, Defendants alleges that the FLSA, 29 U.S.C. § 207 provides as stated in that statute and not as otherwise restated in Plaintiff's Complaint.

19. In response to paragraph 23, Defendants admit that Plaintiff was not exempt during employment with PCI Construction, Inc. Defendants deny each and every remaining allegation in said paragraph.

20. In response to paragraphs 24, 25, 26, 27, and 28 Defendants deny each and every allegation contained in said paragraphs.

### COUNT THREE: VIOLATION OF CA LABOR CODE SECTION 201
### FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES

21. In response to paragraph 29 of the Complaint, Defendants incorporate herein by this reference their admissions and denials to each paragraph of the Complaint that are incorporated into paragraph 29 by reference.

22. In response to paragraph 30, Defendants deny each and every allegation contained in said paragraph.

23. In response to paragraph 31, Defendants allege that California Labor Code §§ 201 and 203 provide as stated in those statute and not as otherwise restated in Plaintiff's Complaint.

24. In response to paragraphs 32, 33, and 34, Defendants deny each and every allegation contained in said paragraphs.

### COUNT FOUR: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE § 17200
### UNFAIR BUSINESS PRACTICES

25. In response to paragraph 35 of the Complaint, Defendants incorporate herein by this reference their admissions and denials to each paragraph of the Complaint that are incorporated into paragraph 35 by reference.

26. In response to paragraph 36, Defendants admit that Plaintiff's employment with PCI Construction, Inc. was subject to the CA Labor Code and applicable Wage Orders promulgated by the California Welfare Commission. Defendants deny each and every remaining allegation in said paragraph.

27. In response to paragraph 37, Defendants admit that Defendant PCI Construction was subject to the California Unfair Trade Practices Act. Defendants deny each and every remaining allegation of said paragraph.

28. In response to paragraph 38, Defendants deny that Plaintiff was an employee of Defendant Adlparvar. Defendants deny they failed to pay Plaintiff legally required overtime pay to which he was legally entitled and kept to themselves the amount which should have been paid to Plaintiff.

29. In response to paragraphs 39, 40, 41, and 42, Defendants deny each and every allegation contained in said paragraphs.

### COUNT FIVE: VIOLATION OF CALIFORNIA LABOR CODE § 226

### INADEQUATE PAY STATEMENTS

30. In response to paragraph 43 of the Complaint, Defendants incorporate herein by this reference their admissions and denials to each paragraph of the Complaint that are incorporated into paragraph 43 by reference.

31. In response to paragraph 44 Defendants allege that California Labor Code § 226 provides as stated in that statute and not as otherwise restated in Plaintiff's Complaint.

32. In response to paragraph 45, Defendants allege that California Labor Code § 226 provides as stated in that statute and not as otherwise restated in Plaintiff's Complaint.

33. In response to paragraphs 46, 47, 48, 49, and 50, Defendants deny each and every allegation contained in said paragraphs.

### PRAYER FOR RELIEF

34. Defendants deny that Plaintiff is entitled to any of the alleged damages or any other relief in any and all parts of his prayer for relief.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### [FAILURE TO STATE A CAUSE OF ACTION]

35. As and for a first, separate and affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that Plaintiff's Complaint, and each of the purported causes of action contained therein, fails to state facts sufficient to constitute a cause or causes of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### [STATUTE OF LIMITATIONS]

36. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that the Complaint is barred by the statute of limitations set forth in California Code of Civil Procedure sections 335 through 349.4, including, but not limited to, sections 337, 337(a), 337.1, 337.5, 337.15, 337.2, 338, 338.1, 339(1), 339.5, 340(3), and 343; and the California Business and Professions Code Section 17208.

## THIRD AFFIRMATIVE DEFENSE

### [OVERTIME WAGES PAID]

37. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that Plaintiff was paid overtime wages to the extent required by California and Federal laws.

## FOURTH AFFIRMATIVE DEFENSE

### [GOOD FAITH]

38. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that at all times they acted with a good faith belief in the propriety of all acts performed, or alleged omissions, and are therefore not liable for any claims or penalties alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### [NO PERSONAL LIABILITY]

39. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that Defendant Adlparvar is not individually liable for the acts of the corporation.

## SIXTH AFFIRMATIVE DEFENSE

### [TIMELY PAYMENT OF ALL SUMS DUE]

40. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that they timely paid all amounts that

Defendants believed in good faith were owing to Plaintiff following the termination of his employment.

### SEVENTH AFFIRMATIVE DEFENSE

### [FAILURE TO MITIGATE]

41. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that Plaintiff failed to mitigate the alleged damages, if any, which he claims to have sustained and recovery should be barred or diminished accordingly.

### EIGHTH AFFIRMATIVE DEFENSE

### [CONDUCT OF OTHERS]

42. As and for a further affirmative defense to the Complaint, and to each an every cause of action contained therein, Defendants allege that if Plaintiff sustained damages, which these answering Defendants expressly deny, then those damages were caused by persons other than these answering Defendants and for which these answering Defendants are not responsible.

### NINTH AFFIRMATIVE DEFENSE

### [NO ENTITLEMENT TO DAMAGES UNDER SECTION 17200 ET SEQ.]

43. As and for a further affirmative defense to the Complaint, and to each an every cause of action contained therein, Defendants allege that Plaintiff is not entitled to recover damages under California Business and Professions Code section 17200 et seq.

### TENTH AFFIRMATIVE DEFENSE

### [ITEMIZED WAGE STATEMENTS PROVIDED]

44. As and for a further affirmative defense to the Complaint, and to each an every cause of action contained therein, Defendants allege that Defendant PCI provided to Plaintiff itemized wage statements to the extent required by California law.

### ELEVENTH AFFIRMATIVE DEFENSE

### [WAIVER]

45. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that if Plaintiff sustained damages, which

Case 5:07-cv-06047-JW    Document 4    Filed 03/25/2008    Page 8 of 9

1  these answering Defendants expressly deny, then Plaintiff is barred by the doctrine of waiver
2  from recovering those damages from these answering Defendants.

### TWELFTH AFFIRMATIVE DEFENSE
### [ESTOPPEL]

5  46.  As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that if Plaintiff sustained damages, which these answering Defendants expressly deny, then Plaintiff is barred by the doctrine of estoppel from recovering those damages from these answering Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE
### [UNCLEAN HANDS]

47.  As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that Plaintiff is barred from seeking equitable relief by the doctrine of unclean hands by virtue of Plaintiff's own prior conduct.

### FOURTEENTH AFFIRMATIVE DEFENSE
### [LACHES]

48.  As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that Complaint and each cause of action asserted therein is barred by the doctrine of laches because Defendants have been prejudiced by the unreasonable delay of the Plaintiff in asserting the claims alleged therein.

///
///
///
///
///
///
///
///
///

Case 5:07-cv-06047-JW   Document 4   Filed 03/25/2008   Page 9 of 9

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by reason of his Complaint;
2. For costs of suit incurred herein;
3. For reasonable attorneys' fees; and
4. For such other and further relief as the Court deems just and proper.

DATED: MARCH 25, 2008

BERLINER COHEN

By: *[signature]*
ROBERTA S. HAYASHI
ATTORNEYS FOR DEFENDANTS PCI CONSTRUCTION, INC.