ROBERTA S. HAYASHI, CA STATE BAR NO. 105141
MARY KATHARINE WILSON, CA STATE BAR NO. 248771
BERLINER COHEN
TEN ALMADEN BOULEVARD
ELEVENTH FLOOR
SAN JOSE, CALIFORNIA 95113-2233
TELEPHONE: (408) 286-5800
FACSIMILE: (408) 998-5388
roberta.hayashi@berliner.com
kate.wilson@berliner.com

ATTORNEYS FOR DEFENDANTS PCI CONSTRUCTION, INC.
AND HAMID ADLPARVAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MAYA,<br><br>    Plaintiff,<br><br>    v.<br><br>PCI CONSTRUCTION, INC., HAMID ADLPARVAR and DOES 1-10,<br><br>    Defendants. | CASE NO. C07-06047 JW/RS<br><br>DEFENDANTS' CASE MANAGEMENT STATEMENT<br><br>Date: April 21, 2008<br>Time: 10:00 a.m.<br>Courtroom: 8<br>Judge: Hon. James Ware<br>Case Filed: November 29, 2007<br>Trial Date: None Set |

Despite repeated efforts by counsel for PCI Construction, Inc. and Hamid Adlparvar ("Defendants"), counsel for Francisco Maya (Plaintiff) has not participated in a substantive conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Pursuant to Civil Local Rule 16-9, Defendants submit the following Initial Case Management Conference Statement:

1.   <u>Jurisdiction and service:</u>

The Court has jurisdiction over Plaintiff's claims based upon 28 U.S.C. § 1331. Jurisdiction is established on Federal Question (Fair Labor Standards Act). Venue is proper under 28 U.S.C. § 1391. Jurisdiction and venue are undisputed by Defendants.

///

2. Facts:

Plaintiff's Complaint

On November 29, 2007, Plaintiff filed the instant action against Defendants for: (1) Violation of the California Labor Code § 510, (2) Violations of the Federal Fair Labor Standards Act, (3) Violation of the California Business and Professions Code § 17200, and (4) Violation of the California Labor Code § 226. The causes of action in Plaintiff's Complaint are based upon Plaintiff's contention that Defendants failed to pay Plaintiff overtime wages due pursuant to state and federal laws.

Defendants' Position

In response to Plaintiff's Complaint, Defendants filed an Answer denying all of Plaintiff's substantive claims.

Plaintiff was employed by Defendant PCI Construction, Inc. ("PCI") for approximately 6 months to provide construction labor services. Defendant PCI contends it paid all amounts, including overtime, for the hours worked and owes no other amounts to Plaintiff. Defendant Hamid Adlparvar ("Adlparvar") further contends that Plaintiff's claims may not be asserted against him as an individual and will seek to have those claims dismissed.

3. Legal Issues:

There is no dispute that Plaintiff was employed by Defendant PCI as a non-exempt employee under both the California Labor Code and the Fair Labor Standards Act. Defendants also believe there is no dispute that Plaintiff was paid overtime by Defendant PCI, it is only disputed whether or not Plaintiff was paid all overtime that he earned. Defendants dispute that Plaintiff's claims give rise to an action for individual liability against Defendant Adlparvar.

4. Motions:

No motions are currently pending in the instant action. Defendants anticipate filing a 12(b)(6) motion and/or a Motion for Summary Adjudication as to the claims asserted against Defendant Adlparvar as an individual. Defendants also reserve the right to properly notice any applicable motions, if and when necessary.

///

5. Amendment of Pleadings:

Defendants do not anticipate amendments of the pleadings in this action, but reserve the right to do so at a later time. Given Plaintiff's lack of participation in a substantive conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, no proposed deadline for amendment of the pleadings has been determined.

6. Evidence Preservation:

Defendants have taken all steps to preserve evidence relevant to the issues in this case, including interdiction of any document-destruction program and any ongoing erasure of e-mails, voice mails, and other electronically-recorded material.

7. Disclosures:

The parties have not yet exchanged initial disclosures. The parties have agreed to an Early Settlement Conference before a Federal Magistrate Judge. Due to the relatively low dollar amount involved in the instant action, Defendants have proposed delaying initial disclosures and any discovery pending the outcome of an Early Settlement Conference.

8. Discovery:

No discovery has been taken to date in the instant action. Given Plaintiff's lack of participation in a substantive conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the scope of anticipated discovery has not yet been determined nor has a proposed discovery plan been developed. Defendants anticipate that the parties will agree to discovery consistent with the Federal Rules of Civil Procedure.

9. Class Action:

The instant case is not a class action.

10. Related Cases:

Defendants are unaware of any related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

11. Relief:

Plaintiff has only generally set forth the nature and type of damages sought. Plaintiff seeks compensatory damages, liquidated damages, restitution, and statutory penalties according

to proof; pre-judgment interest; attorneys' fees; costs of suit; and such other and further relief as the Court may deem appropriate.

Defendants pray that Plaintiff take nothing by reason of his Complaint and seek attorneys' fees, costs of suit, and such other and further relief as the Court may deem appropriate.

12. Settlement and ADR:

The parties have agreed to an Early Settlement Conference before a Magistrate Judge. Defendants propose such a conference at the earliest convenience of the Court and the Magistrate Judge. Defendants have filed a Notice of Need for ADR Phone Conference under Civil Local Rule 16-8 and ADR Local Rule 3-5. Said conference is scheduled for April 17, 2008 at 10:30 a.m.

13. Consent to Magistrate Judge for All Purposes:

Defendants consent to the assignment of this case to a Magistrate Judge for all purposes.

14. Other References:

Defendants believe that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues:

As set for the above, Defendants believe that the claims against Defendant Adlparvar should be dismissed. Given Plaintiff's lack of participation in a substantive conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, it is premature to ascertain whether or not there are other issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g. through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Schedule:

Defendants believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

///

///

17. Scheduling:

Given Plaintiff's lack of participation in a substantive conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial have not yet been determined.

18. Trial:

Plaintiff has demanded a jury trial. Defendants do not demand a jury trial. Defendants expect the length of the trial to be approximately 2 days.

19. Disclosure of Non-party Interested Entities or Persons:

No Certification of Interested Entities or Persons has been filed in the instant action to date. Defendants will file such a certification stating that no such interest is known to Defendants other than that of the named parties to the action.

DATED: APRIL 11, 2008                    BERLINER COHEN

                                         BY: _____
                                             ROBERTA S. HAYASHI
                                             MARY KATHARINE WILSON
                                             ATTORNEYS FOR DEFENDANTS PCI
                                             CONSTRUCTION, INC. AND HAMID ADLPARVAR